# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

**KAREN PETERSON**                                                                         **PLAINTIFF**

v.                                               **CIVIL ACTION NO. 3:10CV-168-S**

**CHILD PROTECTIVE SERVICES** *et al.*                                     **DEFENDANTS**

### MEMORANDUM OPINION

Plaintiff Karen Peterson filed a *pro se* complaint against Child Protective Services ("CPS") and Jefferson County Public Schools ("JCPS"). This matter is before the Court on preliminary review of the complaint pursuant to 28 U.S.C. § 1915(e) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons that follow, the instant action will be dismissed.

Plaintiff used a court-supplied general complaint form to initiate this lawsuit. Under the section of the form directing Plaintiff to state the grounds for filing her case in federal court, Plaintiff states, "Violation of IV and XIV Constitutional Rights Amendments Infringement, Intimidation, Reprisal." Plaintiff alleges that on March 8, 2010, a worker from CPS went to her daughter's high school and questioned her without an adult or parent present. Plaintiff alleges that the worker "claimed that a hotline call was reported that I was mentally ill and that she was too and I was accused of medical abuse because she wasn't taking her medications for mental illness." Plaintiff claims that neither she nor her daughter has ever been diagnosed with mental illness by a clinical psychiatrist and that they do not take any medications for mental illness.

Plaintiff further alleges that her daughter's "father called from Minnesota saying that they were going to put her into custody if he didn't come to take her home with him." Plaintiff claims that CPS has never produced any documents to support these claims. Plaintiff alleges that she has had "several encounters with false claims and this was another form of harassment and intimidation." She avers that she has had several encounters with false claims and this was a form of harassment and intimidation. Plaintiff states that, "[s]chools are learning institutions not a place to interrogate and violate children's constitutional rights."

In her prayer for relief, Plaintiff demands $100,000 in punitive damages, $100,000 in damages for emotional distress, and "[r]emedy to stop harassing my children in the school without counsel or parents."

Because Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action. 28 U.S.C. § 1915(e); *McGore*, 114 F.3d at 608-09. Upon review, this Court must dismiss a case at any time if it determines that an action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

**A.** **Parties**

First, the Court notes that the complaint lists as Plaintiffs Peterson and Jay'Cara Strader. Strader is apparently Peterson's daughter. However, Strader did not sign the complaint. *See* Fed. R. Civ. P. 11(a) ("Every pleading, written motion, and other paper . . . shall be signed by the [unrepresented] party."). Peterson does not have standing to assert any claim on behalf of Strader. *See, e.g., Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002) ("*pro se*" means to appear for one's self; thus, one person may not appear on another person's behalf in the other's cause); *Gonzales v. Wyatt*, 157 F.3d 1016, 1021 (5th Cir. 1998) ("[I]n federal court a party can

represent himself or be represented by an attorney, but cannot be represented by a nonlawyer.").
Therefore, the only proper Plaintiff in this action is Peterson.

Moreover, in a civil rights action, "parents cannot appear *pro se* on behalf of their minor children because a minor's personal cause of action is her own and does not belong to her parent or representative." *Shepherd*, 313 F.3d at 970 (a § 1983 action) (citing *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990));[1] *Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986) (holding, in a § 1983 action, that "under Fed. R. Civ. P. 17(c) and 28 U.S.C. § 1654, a minor child cannot bring suit through a parent acting as next friend if the parent is not represented by an attorney"). Therefore, Peterson, a non-attorney, cannot bring this action on behalf of her minor child without legal representation. Should Peterson wish to pursue claims on behalf of her child, she must obtain counsel.

**B.      42 U.S.C. § 1983**

    **1.      CPS**

Although not so specified by Plaintiff, because she alleges claims of constitutional violations against CPS, the Court construes this action as being brought under 42 U.S.C. § 1983. *Thomas v. Shipka*, 818 F.2d 496, 500 (6th Cir. 1987), *vacated and remanded on other grounds*, 488 U.S. 1036 (1989) ("[I]t is unnecessary and needlessly redundant to imply a cause of action arising directly under the Constitution where Congress has already provided a statutory remedy

---

[1]In *Cheung*, 906 F.2d at 61, the Second Circuit, in a federal civil rights case, observed:

> It goes without saying that it is not in the interests of minors or incompetents that they be represented by non-attorneys. Where they have claims that require adjudication, they are entitled to trained legal assistance so their rights may be fully protected. There is nothing in the guardian-minor relationship that suggests that the minor's interests would be furthered by representation by the non-attorney guardian.

3

of equal effectiveness through which the plaintiff could have vindicated her constitutional rights.").

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. As such, it has two basic requirements: (1) the deprivation of federal statutory or constitutional rights by (2) a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Absent either element, no § 1983 claim exists. *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

In the instant case, CPS is not a "person" acting under color of state law for § 1983 purposes. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Plaintiff, therefore, fails to state a claim for relief against CPS. Additionally, a state agency may not be sued in federal court, unless the state has waived its sovereign immunity under the Eleventh Amendment[2] or Congress has overridden it. *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). In enacting § l983, Congress did not intend to override the traditional sovereign immunity of the states. *Whittington v. Milby*, 928 F.2d l88 (6th Cir. 1991). Therefore, the claim against CPS is also barred by the Eleventh Amendment. *See Robinson v. Child Protective Servs.*, No. 3:07CV-39-R, 2007 WL 1959170, at *2 (W.D. Ky. June 29, 2007). Accordingly, Plaintiff's claim against CPS will be dismissed for failure to state a claim upon which relief may be granted.

---

[2]The Eleventh Amendment to the United States Constitution states, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."

### 2. JCPS

Plaintiff's claim against JCPS also fails. The complaint makes no reference to JCPS, except in the portion of the complaint in which Defendants are to be listed, and makes no allegations concerning any action taken by JCPS. While the Court is aware of its duty to construe *pro se* complaints liberally, Plaintiff is not absolved of her duty to comply with the Federal Rules of Civil Procedure by providing Defendants with "fair notice of the basis for [her] claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). To state a claim for relief, Plaintiff must show how each Defendant is accountable because the Defendant was personally involved in the acts about which she complains. *See Rizzo v. Goode*, 423 U.S. 362, 375-76 (1976). Because Plaintiff has not alleged any facts involving Defendant JCPS, the claim against it will be dismissed for failure to state a claim upon which relief may be granted.

Moreover, to the extent Plaintiff seeks to hold JCPS liable based on any supervisory authority, the doctrine of *respondeat superior*, or the right to control employees, "is not a proper basis for liability under § 1983." *McQueen v. Beecher Cmty. Schs.*, 433 F.3d 460, 470 (6th Cir. 2006). "Nor can the liability of supervisors be based solely on the right to control employees, or simple awareness of employees' misconduct." *Id.* (internal quotations omitted). "In order for supervisory liability to attach, a plaintiff must prove that the official 'did more than play a passive role in the alleged violation or showed mere tacit approval of the goings on.'" *Loy v. Sexton*, 132 F. App'x 624, 626 (6th Cir. 2005) (quoting *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)). In other words, "liability under § 1983 must be based on active unconstitutional behavior." *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Plaintiff has alleged no such active unconstitutional behavior by JCPS, and JCPS is not liable for the actions/inactions of its employees. *See, e.g., Farrow v. West*, 320 F.3d 1235, 1238 n.1 (11th Cir.

2003). Therefore, Plaintiff's § 1983 claim against Defendant JCPS will be dismissed for failure to state a claim upon which relief may be granted.

**C.     State-law claims**

To the extent that Plaintiff is seeking to pursue any state-law claims, the Court declines to exercise supplemental jurisdiction over those claims. Section 1367(c) of Title 28 of the United States Code provides, in pertinent part, as follows: "The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Having dismissed all federal claims over which the Court has original jurisdiction, the Court declines to exercise supplemental jurisdiction over any remaining state-law claim that Plaintiff may be attempting to bring. *Id.* Consequently, the state-law claims will be dismissed without prejudice.

The Court will enter an Order consistent with this Memorandum Opinion.

Date:

cc:     Plaintiff, *pro se*
4411.010

6